IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALFREDO GUERRERO MENDOZA AND HERMELINDO GUERRERO ESTRADA, on behalf of themselves and others similarly-situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO: 4:12-CV-562 |
| A&A LANDSCAPE AND IRRIGATION, LP, and DAVID ANDERTON | § § § § | FLSA COLLECTIVE ACTION |
| Defendants. | § | |

## MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS AND CONDITIONAL CERTIFICATION AND BRIEF IN SUPPORT

Respectfully submitted,

*/s/ Maricela Siewczynski Moore*
Maricela Moore
Texas Bar No. 24032753
maricela@fghlaw.net
Jennifer Snow
Texas Bar No. 24052793
Jennifer.snow@fghlaw.net
Farrow Gillespie Heath LP
1700 Pacific Avenue Ste. 3700
Dallas, Texas 75201
214-361-5600 (telephone)
214-203-0641 (facsimile)

ATTORNEYS FOR ALFREDO
GUERRERO MENDOZA AND
HERMELINDO GUERRERO ESTRADA

## CERTIFICATE OF SERVICE

On April 16, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                */s/ Maricela Siewczynski Moore*
                Maricela Siewczynski Moore

## CERTIFICATE OF CONFERENCE

Counsel for Movant and Counsel for Respondent conducted a telephone conference regarding the relief requested in this motion. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                */s/ Maricela Siewczynski Moore*
                Maricela Siewczynski Moore

## Table of Contents

I.   Summary of Argument ................................................................................................... 1

II.  Factual Background ....................................................................................................... 2

III. Evidence in Support of Request for Notice to Potential Plaintiffs ................................ 3

IV.  Request for Notice to Potential Plaintiffs and Conditional Certification ..................... 3

   A. Courts Are Encouraged to Facilitate Collective Actions Under the FLSA. ............. 4

   B. The Court Should Follow the *Lusardi* Approach and Conditionally Certify the Potential Class of Laborers. ............................................................................................................ 5

   C. Plaintiffs Produced Evidence to Satisfy the Lenient Burden of Showing that a Similarly Situated Group of Potential Plaintiffs Exists. ............................................................... 6

      1. The Laborers are similarly situated with respect to job duties. ......................... 6

      2. The Laborers are victims of the same illegal pay scheme. ................................ 6

V.   Conclusion ..................................................................................................................... 7

## Table of Authorities

**Cases**

*Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697 (1945) ................................................................... 4
*Cripe v. Denison Glass & Mirror, Inc.*, No. 11-CV-224, 2012 WL 947455
   (E.D. Tex. Jan. 27, 2012) ........................................................................................................ 4, 5
*Garcia v. Panco Villa's of Huntington Village, Inc.*, 678 F. Supp. 2d 89 (E.D.N.Y. 2010) .......... 4
*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989)......................................................... 4, 5
*Mooney v. Aramco Servs. Co*, 54 F.3d 1207 (5th Cir. 1995)) ......................................................... 5
*Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990 (E.D. Tex. 2011) .................. 4, 5, 6
*Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445 (S.D.N.Y. 2011) ........................ 4

**Statutes**

29 U.S.C. § 207(a) .......................................................................................................................... 4
29 U.S.C. § 216(b) ...................................................................................................................... 4, 5

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALFREDO GUERRERO MENDOZA AND HERMELINDO GUERRERO ESTRADA, on behalf of themselves and others similarly-situated, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO: 4:12-CV-562 |
| v. | § § | FLSA COLLECTIVE ACTION |
| A&A LANDSCAPE AND IRRIGATION, LP, and DAVID ANDERTON | § § § | |
| Defendants. | § § | |

**MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS
AND CONDITIONAL CERTIFICATION AND BRIEF IN SUPPORT**

Plaintiffs, individually and on behalf of other similarly situated current and former landscape laborers, file this Motion for Notice to Potential Plaintiffs and Conditional Certification, and respectfully show the Court as follows:

### I.     Summary of Argument

Defendants employ individuals who perform manual work as landscape laborers. Defendants pay these individuals by check for the first forty (40) hours worked each workweek at their regular rate of pay. Defendants then pay their employees an additional sum of money in cash. The cash payment is arbitrary and less than that required by the FLSA to compensate the employees for hours over forty (40) worked in a workweek.

Plaintiffs seek to represent these individuals as a class under the FLSA. In support of their request, Plaintiffs offer evidence that establishes that the employees had similar, if not identical, job duties. Plaintiffs also offer evidence that all of the individuals were victims of the

same illegal pay scheme. Therefore, Plaintiffs readily meet the liberal standard for court-facilitation of an FLSA collective action.

## II.     Factual Background

Defendant A&A Landscape and Irrigation, L.P. is a full service landscaping and irrigation company, which is owned by David Anderton. *See* Ruiz Depo. at 22:20-22; Ducharme Depo at 20:24:21:1. Defendants employ at least 50, and perhaps as many as 100, employees to perform hard, manual labor as landscape laborers (herein referred to as the "Laborers"). *See* Ruiz Depo. at 45:7-8; Ducharme Depo. at 33:17-19; A. Guerrero Aff., ¶ 3; H. Guerrero Aff., ¶ 3; Escamilla Decl., ¶ 3. Defendants require that the Laborers regularly work at least six days per week, and oftentimes as many as twelve hours in a workday. *See* A. Guerrero Aff., ¶ 4; H. Guerrero Aff., ¶ 4; Escamilla Decl., ¶ 4.

The Laborers record their hours on time sheets, which Defendants use to calculate the number of hours that the Laborers work each week. *See* Ruiz Depo. at 24:6-21, 46:1-17, Ex. 16; A. Guerrero Aff., ¶ 4; H. Guerrero Aff., ¶ 4; Escamilla Decl., ¶ 4. At Mr. Anderton's instruction, Ms. Ruiz scans the time sheets into her computer, and then deletes them after using them to calculate the hours that each employee works. *See* Ruiz Depo. at 43:15-23. Thus leaving no record of the hours that each employee worked.

Once Mr. Ruiz reviews the time sheets, Defendants pay the Laborers by check only for the first 40 hours worked each week. *See* Ruiz Depo. at 33:13-18, 52:14-53:10; Ducharme Depo. at 19:13-20:1; A. Guerrero Aff., ¶ 5; H. Guerrero Aff., ¶ 5; Escamilla Decl. ¶ 5. This amount is calculated by multiplying the Laborer's regular rate of pay by forty (40) per workweek. Ruiz Depo. at 33:13-18, 40:14-25, 43:15-23; A. Guerrero Aff., ¶ 5; H. Guerrero Aff., ¶ 5; Escamilla Decl. ¶ 5. Defendants then pay the Laborers an arbitrary amount of additional compensation in cash, which appears to be paid "off the books," and which does not reflect time

and a half the regular rate of pay.  *See* Ruiz Depo. at 52:6-55-6; Ducharme Depo. at 27:10-28:8, 18-21, 45:17-46:3, 97:10-19; A. Guerrero Aff., ¶ 5; H. Guerrero Aff., ¶ 5; Escamilla Decl. ¶ 5.

### III.   Evidence in Support of Request for Notice to Potential Plaintiffs

In support of Plaintiffs' request that the Court conditionally certify a class of Laborers and issue Notice to the potential class members, Plaintiffs rely upon the following evidence and incorporate it by reference:

Exhibit A   Deposition of Leslie Ducharme ("Ducharme Depo.")

Exhibit B   Deposition of Blanca Ruiz ("Ruiz Depo.")

Exhibit C   Affidavit of Alfredo Guerrero Mendoza ("A. Guerrero Aff.")

Exhibit D   Affidavit of Hermelindo Guerrero Estrada (H. Guerrero Aff.")

Exhibit E   Declaration of Celso Escamilla ("Escamilla Decl.")

### IV.   Request for Notice to Potential Plaintiffs and Conditional Certification

To facilitate the notice process and preserve the rights of those who have not yet opted in, Plaintiffs seek Court-supervised notice and conditional certification of the following group of similarly-situated individuals (the Laborers):

> All current and former laborers who worked for Defendants and who were not paid at a rate of at least one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, during the time period August 27, 2009 through the present.

Plaintiffs also ask the Court to approve the proposed English and Spanish versions of the proposed Notice and Consent Form, which are attached hereto as Exhibit F.  In addition to authorizing notice to the Laborers, Plaintiffs request that the Court order Defendants to disclose the names and last known addresses of the Laborers within 10 days of the Court's order. Plaintiffs also request that the Court order Defendants to post a copy of the Notice and Consent Forms at Defendants' place of business in an area that is readily and routinely available for

review by the Laborers. *See e.g. Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas even where potential class members will be notified by mail."); *Garcia v. Panco Villa's of Huntington Village, Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) ("[W]hile defendants object to the posting of the Notice at their business locations—and request an order prohibiting it—such a practice has been routinely approved in other cases.").

A.  **Courts Are Encouraged to Facilitate Collective Actions Under the FLSA.**

The "prime purpose of the [FLSA] was to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 707 n. 18 (1945). Accordingly, the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). An employer who violates this requirement may be sued by the affected employee. 29 U.S.C. § 216(b).

Where the employer's violations are alleged to be widespread, the FLSA also gives an aggrieved employee the right to bring an action "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b); *Cripe v. Denison Glass & Mirror, Inc.*, No. 11-CV-224, 2012 WL 947455, at * 1 (E.D. Tex. Jan. 27, 2012); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011). Thus, "Congress has stated its policy that [FLSA] plaintiffs should have the opportunity to proceed collectively." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding

of common issues of law and fact," and provide plaintiffs with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Id*. Unlike a Rule 23 class action, plaintiffs in an action under the FLSA must affirmatively opt-in to be covered by the suit. 29 U.S.C. § 216(b).

**B.     The Court Should Follow the *Lusardi* Approach and Conditionally Certify the Potential Class of Laborers.**

"District courts have the discretionary power to conditionally certify a collective action and to authorize the sending of notice to potential class members. . . ." *Cripe*, 2012 WL 947455, at *1. This Court applies the *Lusardi* approach to determine whether conditional certification is appropriate. *See e.g. id*.; *Tice*, 826 F. Supp.2d at 994. Under the *Lusardi* approach, certification for a collective action under Section 216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage. *See Tice*, 826 F. Supp. at 994 (citing *Mooney v. Aramco Servs. Co*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)). "In the notice stage, a district court makes a decision, based on the pleadings and any affidavits, whether to 'conditionally' certify the collective action and authorize notice to potential class members." *Id*. "The certification at this stage is only "conditional" because the court may later choose, under the merits stage, to 'decertify' the collective action upon a showing that the case lacks merit for collective action, i.e. the plaintiffs are not 'similarly situated' under § 216(b)." *Id.*

Under the first stage of the *Lusardi* approach, the plaintiff bears the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exists. *Id*. at 995. To that end, "the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan." *Id*. "[T]he court should satisfy itself that the potential plaintiffs are similarly situated with respect to their job requirements and pay provisions." *Id*. "However, a plaintiff

need only show that their positions are similar to the potential plaintiffs, not identical." *Id*. "Whether the potential plaintiffs are exempt from overtime pay under the FLSA is not relevant at the notice stage. *See id*. at 996, n. 1 (stating that exemptions are merit-based defenses to FLSA claims and are not relevant at the notice stage).

C.  **Plaintiffs Produced Evidence to Satisfy the Lenient Burden of Showing that a Similarly Situated Group of Potential Plaintiffs Exists.**

  1.  **The Laborers are similarly situated with respect to job duties.**

Plaintiffs offer ample evidence to show that the Laborers performed similar duties. Specifically, Plaintiffs, potential class member Escamilla, and Defendants' Office Manager consistently testified that the Laborers performed job duties, such as installing irrigation and landscape, caring for plants, flowers, and trees in the nursery, pruning plants and flowers, cleaning flower beds, mowing and edging lawns, and performing other manual tasks necessary to install and maintain landscape for Defendants' clients. *See* Ducharme 30:11-20; Guerrero Aff., ¶ 3; H. Guerrero Aff., ¶ 3; Escamilla Decl. ¶ 3. Defendants' Office Manager and Office Assistant, as well as Plaintiffs and Mr. Escamilla, testified that Defendants employee at least 50, and perhaps as many as 100 individuals to perform these job duties. *See* Ruiz Depo. at 45:7-8; Ducharme Depo. at 33:17-19; A. Guerrero Aff., ¶ 3; H. Guerrero Aff., ¶ 3; Escamilla Decl., ¶ 3. Therefore, Plaintiffs met their burden of showing that the Laborers have similar job duties.

  2.  **The Laborers are victims of the same illegal pay scheme.**

Defendants' Office Manager and Office Assistant unequivocally testified that Defendants paid all of the Laborers according to the same illegal pay scheme. Both Ms. Ducharme and Ms. Ruiz, as well as Plaintiffs and Mr. Escamilla, testified that Defendants paid the Laborers for the first forty (40) hours worked by check and an additional sum of money in cash. *See* Ruiz Depo. at 33:13-18, 52:6-55:6; Ducharme Depo. at 19:13-20:1, 27:10-28:8, 18-21, 45:17-46:3, 97:10-19;

A. Guerrero Aff., ¶ 5; H. Guerrero Aff., ¶ 5; Escamilla Decl. ¶ 5.  They also testified that the additional sum that Defendants paid in cash did not equal time and a half the regular rate of pay for hours worked over 40.  *See* Ruiz Depo. at 52:6-55-6; Ducharme Depo. at 27:10-28:8, 18-21, 45:17-46:3, 97:10-19; A. Guerrero Aff., ¶ 5; H. Guerrero Aff., ¶ 5; Escamilla Decl. ¶ 5. Therefore, Plaintiffs met their burden of showing that the Laborers are similarly situated with respect to pay scheme that Plaintiffs allege violates the FLSA.

### V.     Conclusion

It is clear from the deposition testimony of Defendants' Office Manager and Office Assistant that Defendants employ at least 50, and perhaps as many as 100, laborers to perform manual landscape and irrigation labor.  Ms. Ruiz unequivocally testified that these employees regularly work more than forty (40) hours per week and are not paid time and a half for all hours over forty (40) worked in a workweek.  Ms. Ducharme and Ms. Ruiz's testimony is consistent with the sworn statements of Plaintiffs and Mr. Escamilla who complain about Defendants' unlawful pay practices.

This evidence goes beyond the lenient standard established by *Lusardi*.  It is without peradventure that Plaintiffs established that there is a class of Laborers with similar job duties who were victims of the same pay scheme.  Therefore, Plaintiffs request that the Court conditionally certify the class of Laborers, authorize Plaintiffs to send notice to the individuals in the forms proposed to the Court, and grant them all other relief to which they are entitled at law and in equity.