IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALFREDO GUERRERO MENDOZA AND HERMELINDO GUERRERO ESTRADA, on behalf of themselves and others similarly-situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO: 4:12-CV-562 |
| | § | FLSA COLLECTIVE ACTION |
| A&A LANDSCAPE AND IRRIGATION, LP, and DAVID ANDERTON | § § | |
| Defendants. | § § | |

**PLAINTIFFS' APPLICATION FOR AWARD OF
ATTORNEYS' FEES AND BRIEF IN SUPPORT**

Pursuant to the Court's Order on September 27, 20013, Plaintiffs hereby file their Application for Award of Attorneys' Fees and Brief in Support, and would respectfully show the Court as follows:

## I.      INTRODUCTION

On August 27, 2012, Plaintiffs Alfredo Guerrero Mendoza and Hermelindo Guerrero Estrada, on behalf of themselves and others similarly situated, filed a collective action against A&A Landscape and Irrigation, LP and David Anderton seeking unpaid wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA").  [Dkt. No. 1].  On June 14, 2013, the Court granted Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification.  [Dkt No. 22].

On September 16, 2013, Plaintiffs filed a motion for sanctions requesting that the Court protect the Opt-In Plaintiffs against Defendants' impermissible communications.  After a two-day evidentiary hearing, the Court granted Plaintiffs' Motion and ordered Defendants to pay all

attorneys' fees.  [Dkt. No. 41].  Plaintiffs submit the Declaration of Maricela Siewczynski Moore in support of their request for reasonable attorneys' fees in the amount of $16,361.25.  *See* Ex. 1.

## II.  ARGUMENTS AND AUTHORITIES

After a Court determines that a party is entitled to attorneys' fees, then it must determine the appropriate amount of fees. For the reasons set forth below, Plaintiffs' requested attorneys' fees are reasonable and were necessarily expended in the pursuit of the recovery Plaintiffs achieved.

### A.      Application of the Lodestar Method

The appropriate method for calculating an awardable attorneys' fee is the lodestar method. *See Nassar v. Univ. of Tex. Sw. Med. Ctr.*, 2010 WL 3000877 (N.D. Tex. 2010) (Boyle, J.) (commenting that the lodestar method has "become the guiding light of our fee-shifting jurisprudence."). The process begins by the Court "determining the compensable hours from the attorneys' time records, including only hours reasonably spent." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). The Court must also determine an appropriate hourly rate for each attorney supplying legal services, based on prevailing community standards for attorneys of similar experience in similar cases. *Id.* "The number of compensable hours is then multiplied by the selected hourly rate to produce the lodestar amount." *Id.*; *see also Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999). The fee applicant bears the burden to substantiate both the requested hours and the hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The second step in the lodestar analysis is to determine whether the base loadstar amount should be adjusted after application of the twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Shipes*, 987 F.2d at 320. The

Court may modify the lodestar if any of the Johnson factors not already considered in determining the lodestar warrants an adjustment. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

**B.      Amount of Reasonable and Necessary Attorneys' Fees**

The "most critical factor" in determining the reasonableness of an attorneys' fee award is "the degree of success obtained." *Hensley*, 461 U.S. at 436. In this case, the Court granted Plaintiffs' Motion for Sanctions.  Plaintiffs respectfully submit that the time counsel expended to achieve this result was inherently reasonable.

Plaintiffs seek an award of attorneys' fees, which are described as follows:

| | | |
|---|---|---|
| Maricela Moore | 32.8 hours x $325.00/hour = | $ 10,660.25 |
| Jennifer J. Spencer | 14.7 hours x $325.00/hour = | $ 4,777.50 |
| Jennifer N. Lewis | 4.2 hours x $220.00/hour = | $ 924.00 |

Plaintiff submit the Declaration of Maricela Siewczynski Moore to substantiate the hours charged and the reasonably rates of the attorneys providing services in this matter.  The total amount of hours spent on this matter was both reasonable and necessary considering the discussion below.

**C.      Exercise of Billing Judgment**

Plaintiffs seeking attorneys' fees have the burden of showing the reasonableness of the hours billed; therefore, they are charged with proving that they exercised billing judgment.  Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant.  *See Saizan v. Delta Concrete Products Co., Inc.,* 448 F.3d 795, 799 (5th Cir. 2006).

Plaintiffs' counsel exercised meticulous billing judgment.  They scrupulously reviewed the the billing records of the attorneys in this matter, and have carefully adjusted the fee application

to reduce or write off entirely hours that were unproductive, excessive, or redundant.  Plaintiffs respectfully submit that their loadstar calculation, after the exercise of careful billing judgment, is the minimal attorney fee that should be awarded in this case.

### D.    Analysis of the *Johnson* Factors and Enhancement of the Lodestar

The second step in assessing an award of attorneys' fees is an analysis of the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974).  The *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment by the attorney, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitation imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the length and nature of the attorney-client relationship, and (12) awards in similar cases. *Id.* at 717-19. "Of the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Saizan v. Delta Concrete Prods. Co., Inc.,* 447 F.3d 795, 800 (5th Cir.2006).

Plaintiffs respectfully request that the Court award an enhancement in a multiplier of 1.5 of the lodestar amount, based on the following discussion of the *Johnson* factors.

### 1.    The time and labor required

Plaintiffs' counsel spent extensive time preparing the motion for sanctions, as well as preparing for a two-day evidentiary hearing on this matter.  In particular, counsel for Plaintiffs invested significant time gathering evidence from witnesses who do not speak English and conducting thorough research on the issues presented to the Court.  Moreover, Ms. Moore was

able to effectively advocate on behalf of Plaintiffs in this matter because she is bilingual in Spanish and English.  The undertaking by both Ms. Moore and the firm was substantial.

2.    The novelty and difficulty of the questions

This matter involved the hotly contested issue of whether Defendants were entitled to communicate with Plaintiffs and Opt-in Plaintiffs regarding this lawsuit while litigation was pending.  Defendants vigorously disputed Plaintiffs' contention that such communications are harassing and have the consequence, whether intended or not, of intimidating individuals who are current employees of Defendants and participants in this lawsuit.

3.    The skill requisite to perform the legal services properly

The legal services provided in this case required in-depth knowledge of the Fair Labor Standards Act, and a general understanding of the proper pursuit of multi-plaintiff employment lawsuit. The Court itself is the ultimate judge of the skill requisite to advance the interests of Plaintiffs in the lawsuit, and it had the ability to observe the demonstration of that skill in the courtroom. As the Fifth Circuit has commented:

> The trial judge should closely observe the attorney's work product, his preparation, and his general ability before the court.  The trial judge's expertise gained from past experience as a lawyer and his observation from the bench of lawyers at work become highly important in this consideration.

*Johnson*, 488 F.2d at 718. Plaintiffs submit that the Court's observation of the skill of their trial counsel supports their request for an enhancement of their fees.

4.    The preclusion of other employment by the attorney

Plaintiffs' counsel were not precluded from representing other clients during the pendency of the litigation. Thus, this factor should be regarded as neutral.

5.      The customary fee

Plaintiffs' counsel are familiar generally with the customary fee arrangements in employment litigation matters in the North Texas region. Plaintiffs' attorneys' hourly rates as stated in the Declaration of Ms. Moore are eminently reasonable, if even modest.

6.      Whether the fee is fixed or contingent

This factor was not significant in this particular matter.

7.      The time limitation imposed by the client or the circumstances

This factor was not significant in this particular matter.

8.      The amount involved and the results obtained

After a two-day hearing, the Court granted Plaintiffs' motion and awarded the relief that they sought.

9.      The experience, reputation, and ability of the attorneys

Ms. Moore's declaration fully discusses the experience, reputation, and abilities of counsel.

10.      The undesirability of the case

This factor was not significant in this particular matter.

11.      The length and nature of the attorney-client relationship

This factor was not significant in this particular matter.

12.      Awards in similar cases

This factor was not significant in this particular matter.

## IV.      CONCLUSION

Plaintiffs have produced the legally required evidence to support their fee application.  The The evidence establishes that the fees award sought, including an enhancement of the lodestar, is

reasonable. Plaintiffs ask the Court to grant their motion and to award them the attorneys' fees, sought herein and by way of their supporting documentation, and to grant them all other relief to which they may be entitled.

Respectfully submitted,

*/s/ Maricela Siewczynski Moore*
Maricela Moore
Texas Bar No. 24032753
maricela@fghlaw.net
Jennifer Snow
Texas Bar No. 24052793
Jennifer.snow@fghlaw.net
Farrow-Gillespie Heath LLP
1700 Pacific Avenue Ste. 3700
Dallas, Texas 75201
214-361-5600 (telephone)
214-203-0641 (facsimile)

ATTORNEYS FOR ALFREDO
GUERRERO MENDOZA AND
HERMELINDO GUERRERO ESTRADA

## CERTIFICATE OF CONFERENCE

On October 15, 2013, the undersigned counsel for applicant conferred with counsel for respondent regarding the relief requested in this Application.  This motion is presented to the Court as opposed.

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer

## CERTIFICATE OF SERVICE

On October 11, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Maricela Siewczynski Moore*
Maricela Siewczynski Moore