# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ALFREDO GUERRERO MENDOZA § <br> and HERMELINDO GUERRERO § <br> ESTRADA, on behalf of themselves and others § <br> similarly situated § <br> § <br> v. § <br> § <br> A&A LANDSCAPE AND IRRIGATION, LP § <br> and DAVID ANDERTON § | CASE NO. 4:12-cv-562 |

### ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES

Pending before the Court is Plaintiffs' Application for Award of Attorneys' Fees (Dkt. #47).[1] After considering the application, the Court finds it is meritorious and should be granted.

"The Court's inherent power to control the judicial process includes the power to impose a sanction for 'bad faith conduct in litigation.'" *Sipco, LLC v. Amazon.com, Inc.*, No. 2:08-CV-359-JRG, 2013 WL 5372335, at *2 (E.D. Tex. Sept. 25, 2013) (citing *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001)); *see also Chambers v. NASCO*, 501 U.S. 32, 46-50 (1991) (recognizing court's inherent authority to award attorneys' fees to sanction bad-faith litigation); *Carroll v. Jacques Admiralty Law Firm,* 110 F.3d 293 (5th Cir. 1997) (recognizing exercise of inhereing power when rules are not "up to task"). "More particularly, a court may employ its inherent powers to award a party its reasonable attorney's fees when another party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Campbell v. Brender*, No. 3:10-cv-325-B, 2011 WL 880375, at *1 (N.D. Tex. Mar. 11, 2011) (citing *Chambers*, 501 U.S. at 45-46). In a separate order, this Court has already concluded the Defendants impermissibly communicated

---

[1] In their response, Defendants contend that a bad faith finding is required to award attorneys' fees. This Court agrees, but has already addressed Defendants' bad faith argument at length in a separate order.

with putative class members or opt-in plaintiffs in this case in bad faith. Accordingly, the Court finds that an award of attorneys' fees is proper in this case.

Plaintiffs request a total of $16,361.25 in attorneys' fees expended on the preparation and filing of Plaintiffs' emergency motion for sanctions, the telephone conference with the Court regarding this matter, and the two-day hearing conducted by the Court. In order to assess the reasonableness of Plaintiffs' request, the Court will look to the lodestar method.

The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the Court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Id.* The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id.* Second, the Court may adjust this lodestar up or down based on what is "reasonable under the circumstances" of the specific case. *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 793 (S.D. Tex. 2009). "The party seeking fees bears the burden of establishing the market rate and should present the court with evidence from which the court can determine the reasonableness of the proposed rate." *Id.* at 797.

In determining the lodestar amounts, the Court can review the hours presented and eliminate any hours that were not documented in sufficient detail, were for multiple attorneys performing the same work, were for unnecessary work, or were excessive. *See, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 554 n.2, 567 (1986) (noting the District Court's reduction of hours on these grounds); *McLain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011) ("Charges for excessive, duplicative, or inadequately documented work must be excluded."). "'Hours that are excessive, redundant, or otherwise unnecessary' are to be excluded, and in dealing with such surplusage, the court has discretion

simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Randolph*, 634 F. Supp. 2d at 798 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

After determining the lodestar amount, the Court may adjust the award based on the twelve *Johnson* factors previously laid out by the Fifth Circuit.[2] *Pennsylvania*, 478 U.S. at 564. This court is aware, however, that many of the *Johnson* factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.[3] *Pennsylvania*, 478 U.S. at 564; *Camargo v. Trammell Crow Interest Company*, 318 F. Supp. 2d 448, 450 (E.D. Tex. 2004). Accordingly, while the Court has analyzed all twelve factors, it paid close attention to those factors highlighted by the Fifth Circuit and Supreme Court, such as (1) the time and labor required, (2) the customary fee, (3) the amount involved and the result obtained, (4) the experience, reputation and ability of counsel, (5) the nature and length of the professional relationship with the client, and (6) awards in similar cases. *Camargo*, 318 F. Supp. 2d at 450.

The party applying for attorneys' fees must maintain billing time records in a manner that would enable the reviewing court to identify each distinct claim; at the least, "counsel should identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12; *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990). The opposing party does not have the burden of making specific objections; the applicant must meet his obligations. *Von Clark*, 916 F.2d at 259.

---

[2] The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1988).

[3] The "novelty and complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the litigation are presumably fully reflected in the lodestar amount. *Pennsylvania*, 478 U.S. at 565.

Plaintiffs assert that the following hourly rates are reasonable:

>Maricela Moore:  $325.00/hour

>Jennifer J. Spencer:  $325.00/hour

>Jennifer N. Lewis:  $220.00/hour

As Plaintiffs point out, a Texas court has recently held that $325/hour is a reasonable hourly rate for an attorney in an FLSA case in which the plaintiff's counsel was board certified in labor and employment law and had 15 years of experience.  *Ransom v. M. Patel Enterprises, Inc.*, 859 F. Supp. 2d 856 (W.D. Tex. 2012), 2013 WL 4402983 (5th Cir. 2013) (remanding attorneys' fee award for reconsideration in light of reversal on other grounds).  In that case, the attorney had 15 years of experience, received numerous awards, and was board certified in labor and employment law.  The court found that his requested hourly rate of $325.00 per hour was reasonable.  *Id.*

The Court agrees that $325.00 per hour is a reasonable hourly rate for Ms. Moore's time.  However, Plaintiffs fail to indicate whether Ms. Spencer has similar qualifications and expertise.  Thus, the Court finds that the reasonable hourly rate for Ms. Spencer is $258.00 per hour, according to the information provided by Defendant.  Further, the Court finds that $200.00 per hour is a reasonable rate for Ms. Lewis.

The Court has considered the number of hours Plaintiffs contend they have reasonably expended and agrees that those hours are reasonable.  Defendants argue that the hours billed by Ms. Spencer for her attendance and preparation for the hearings on September 23 and 27, 2013, are excessive because Ms. Spencer only cross-examined one witness at the hearing.  Defendants contend that this constitutes "piling on," which is unnecessary and unreasonable.  The Court disagrees.  Plaintiffs assert that Ms. Spencer assisted with exhibits, direct and cross-examination

questions, and other matters, while Ms. Moore focused on witness preparation with her Spanish-speaking clients. Thus, the Court finds that the time spent by Ms. Spencer was not unreasonable and was necessary to the effective presentation of testimony and evidence at the hearing.

Defendants also object to the 13.0 hours spent on research. Defendants assert that an attorney who is as experienced as Ms. Moore is expected to know her area of expertise and should be familiar with litigating FLSA matters. The flaw in Defendants argument is that while this is an FLSA case, the issue at hand is a motion for sanctions based on the bad faith conduct of Defendants during the litigation process. Ms. Moore asserted at the hearing that she had never dealt with any conduct like this from a defendant in an FLSA case before, and conducted research on matters that are well-documented in the billing records, such as "research on inappropriate communications with opt-in plaintiff," "procedure to file sanctions under Court's inherent power and under Rule 16(f); research standard for party acting in bad faith," "coercion as a matter of law," "whether reduction in hours constitutes unlawful retaliation," and other topics. None of these matters relate specifically to FLSA litigation. Further, some of these entries consist of multiple activities, such as research, telephone conferences, and motion drafting. The Court finds that the research conducted by Plaintiffs in preparation of these motions and hearings is reasonable.

Defendants also object to the hours expended driving to Sherman from Plaintiffs' counsels' offices in Dallas, Texas, on the basis that it is unreasonable for an attorney to charge travel time simply because they live out of the geographic area of the courthouse. The Court disagrees, and finds that Plaintiffs' counsel may be compensated for their travel time to and from the Sherman courthouse for the hearings.

Thus, the reasonable number of hours expended are as follows:

>Maricela Moore: 32.8 hours
>
>Jennifer J. Spencer: 14.7 hours
>
>Jennifer N. Lewis: 4.2 hours

Based on the foregoing, the total for each attorney is:

>Maricela Moore: 32.8 hours x $325/hour = $10,660.00
>
>Jennifer J. Spencer: 14.7 hours x $258.00/hour = $3,792.60
>
>Jennifer N. Lewis: 4.2 hours x $200.00/hour = $840.00

The total fee, the Court's lodestar amount, is $15,292.60.

After calculating the lodestar, the Court must consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the *Johnson* factors. *McClain v. Lufkin Indus.*, 519 F.3d 264, 284 (5th Cir. 2008). The lodestar is presumptively reasonable and should only be modified in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court sees no reason to adjust the lodestar in this case. For completeness, the Court will discuss the *Johnson* factors. *Lufkin Indus.*, 519 F.3d at 284 (district court must indicate how each of the *Johnson* factors was applied).

As to factor (1), the time and labor required, the fee is commensurate with the time and labor Plaintiffs' counsel expended in connection with this lawsuit. The Court has already calculated those fees that it determined were reasonable and not excessive or duplicative. As to factors (2) and (3), the novelty and difficulty of the questions and the skill required to perform the legal service properly, the Court finds that the issues were not particularly novel, although perhaps issues that occur rarely in litigation. The Court also finds that the questions presented were not particularly difficult and skill required to perform the legal services properly was moderate. Plaintiffs' counsel was required to expend time and effort regarding this matter;

however, Plaintiffs assert that it did not preclude any employment from other individuals (factor (4)). As to factors (5) and (6), the fees requested by Plaintiffs' attorneys are detailed above. The Plaintiffs contend that whether the fee was fixed or contingent is not a significant factor in this matter. As to factor (7), the time limitation imposed by the client or circumstances, Plaintiffs assert that this was not significant in this matter. Plaintiffs' motion for sanctions was granted, and, therefore, Plaintiffs experienced a high degree of success on their motion (factor (8)). The "degree of success obtained" is the "most critical factor" in determining the reasonableness of a fee award. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). As to factor (9), all counsel in this case are experienced and competent attorneys. There is no evidence that this case was "undesirable" in any way (factor (10)). Further there is no information as to the nature and length of the professional relationship with the client (factor (11)). Finally, as to factor (12), a recovery of $15,292.60 is a reasonable amount of attorneys' fees and not excessive given the nature of the motion at issue here.

Considering all twelve of the *Johnson* factors, the Court concludes that $15,292.60 is a fair and reasonable attorneys' fee under the facts of this case, and finds Plaintiffs should be awarded $15,292.60 in attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' Application for Award of Attorneys' Fees (Dkt. #47) is **GRANTED**, and Plaintiffs are awarded $15,292.60 in attorneys' fees to be paid by Defendants within 14 days of this order.

**IT IS SO ORDERED.**

**SIGNED this 26th day of November, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE