# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ALFREDO GUERRERO MENDOZA AND HERMELINDO GUERRERO ESTRADA, on behalf of themselves and others similarly situated, | § § § § § | |
| V. | § § § | CIVIL ACTION NO 4:12-CV-562<br>Judge Mazzant |
| A&A LANDSCAPE AND IRRIGATION, LP and DAVID ANDERTON | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Strike Plaintiffs' Summary Judgment Evidence (Dkt. #114) and Plaintiffs' Motion to Strike Evidence in Support of Defendants' Response to Motion for Partial Summary Judgment (Dkt. #134). After considering the motions, the responses, and the relevant pleadings, the Court finds that Defendants' motion is denied and Plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs in this case assert that Defendants violated the Fair Labor Standards Act (the "FLSA") by failing to pay them at least one and one half their regular rate of pay for hours worked in excess of forty per week. Plaintiffs filed their motion for partial summary judgment in this matter on September 24, 2014 (Dkt. #109). On October 21, 2014, Defendants filed their motion to strike Plaintiffs' summary judgment evidence (Dkt. #114). On November 4, 2014, Plaintiffs filed their response (Dkt. #132).

On November 5, 2014, Plaintiffs filed their motion to strike evidence in support of Defendants' response to the motion for summary judgment (Dkt. #134). On November 13, 2014, Defendants filed their response (Dkt. #148).

1

# ANALYSIS

## *A. Defendants' Motion to Strike Plaintiffs' Summary Judgment Evidence (Dkt. #114)*

Defendants first object to the testimony of Blanca Ruiz ("Ms. Ruiz") contained in Plaintiffs' exhibit B, which refers to amounts paid to employees of Defendants. Defendants object to this testimony on the basis that Ms. Ruiz lacks personal knowledge to testify as to this subject. While Defendants do not specifically object to any statement made by Ms. Ruiz, they object generally to her testimony on page 43 of her deposition. Defendants note that at the outset of her testimony, Ms. Ruiz testified, "I have no knowledge of how much each person gets paid" (Dkt. #113, Ex. J at 32:16-17). Defendants also argue that there is no foundation to suggest that Ms. Ruiz had responsibilities related to payroll that would provide such knowledge. Thus, Defendants object to these statements as not based on personal knowledge and lacking proper foundation.

Ms. Ruiz testified as follows:

Q: Do you have personal knowledge of whether the field employees received time and a half for the hours over 40 that they worked in a work week?

A: I have personal knowledge – okay. I'm sorry.

Q: That's okay.

A: Okay. I have personal knowledge that they were not getting time and a half.

Q: For the hours –

A: For the hours worked.

(Dkt. #109, Ex. B at 43:15-23). Ms. Ruiz also testified that she filed reports on the time sheets, and that she was responsible for checking the time sheets to make sure the total for the day was correct and calculated the total time worked (Dkt. #132, Ex. 1 at 23:21-24, 24:5-24). Ms. Ruiz

testified that she did that at the request of Defendant David Anderton ("Mr. Anderton"), and that Mr. Anderton used the information to pay the employees for the hours that they worked. *Id*. This is sufficient to establish that Ms. Ruiz had personal knowledge of the hours worked by the employees, and to lay a foundation for her testimony regarding her responsibilities in payroll. Defendants' objection is overruled.

Defendants object to the statement made in the affidavits of Alfredo Guerrero Mendoza, Hermelindo Guerrero Estrada, Celso Escamilla, and Socorro Estrada, in which they state, "The cash payment was for less than my regular rate of pay for all hours over 40 that I worked each week" (Dkt. #109, Ex. C at ¶ 5, Ex. D at ¶ 5, Ex. E at ¶ 5, and Ex. F at ¶ 5). Defendants object to the term "regular rate" as having a specific legal meaning in the context of the FLSA, and that this statement is an improper lay opinion and conclusory. This objection is overruled. Plaintiffs have personal knowledge to testify as to the hourly rate they were paid for hours worked each work week, and do not need to be qualified as experts to make that statement.

Defendants next object to the day sheets or time sheets attached to Plaintiffs' affidavits as inadmissible hearsay not subject to any exception. The time sheets are contained at Plaintiffs' exhibits C, D, F, I, J, K L, M, N, P, Q, R, S, and T (*See* Dkt. #109). Plaintiffs assert that these exhibits are documents that were produced by Defendants during discovery, and are admissible as admissions of a party opponent. *See* FED. R. EVID. 801(d)(2)(A); *see also Hannon v. Kiwi Servs.*, No. 3:10-CV-1382-K-BH, 2011 WL 7052795, at *2 (N.D. Tex. Dec. 30, 2011). The Court agrees and finds this objection is overruled.

Finally, Defendants object to the following statements in the declaration of Socorro Estrada ("Mr. Estrada"): "Homero Estrada, who worked for A&A Landscaping…" and "I was supervised by people who worked for A&A Landscaping…" (Dkt. #109 at Ex. F, ¶¶ 3, 4).

Defendants contend that Mr. Estrada's affidavit does not set forth any basis for his personal knowledge of the entity that employed his supervisors. This objection is overruled. Mr. Estrada has personal knowledge based on his employment with A&A Landscape and can testify about the entity that he believes employs his supervisors.

Accordingly, the Court finds that Defendants' motion to strike is denied.

*B. Plaintiffs' Motion to Strike Evidence in Support of Defendants' Response to Motion for Partial Summary Judgment (Dkt. #134)*

Plaintiffs first object to the testimony of the supervisors as to the hours worked by Plaintiffs or the compensation paid to Plaintiffs (Dkt. #113 at Exs. A, B, C, D, E, and G). Plaintiffs contend that the supervisors lack personal knowledge of the amount paid to Plaintiffs or the number of hours worked. In their affidavits, the supervisors generally testify to the time sheets they filled out for individuals, their general work schedules, and their understanding of payments made to employees. The nature of their job duties and supervisory roles establishes that these supervisors have personal knowledge of the day sheets and A&A Landscape's general method of compensation. Affiants also testify regarding certain Plaintiffs, further demonstrating their personal knowledge. This objection is overruled.

Plaintiffs next object to the statements made in the supervisors' affidavits that, "A&A has always paid me correctly" (Dkt. #113 at Ex. A ¶ 29, Ex. B ¶ 18, Ex. C ¶ 29). Plaintiffs assert that these individuals have no personal knowledge of the amount Defendants paid Plaintiffs for their overtime hours, or that they have any understanding of what it means to be paid correctly under the FLSA. Defendants argue that these individuals testified as to the pay practices of A&A Landscape, and based on their personal knowledge, these individuals believe that they were paid according to the hours that they worked or the amount of compensation received. The Court agrees, and finds this objection is overruled.

Plaintiffs next object to the affidavits of witnesses who were not timely disclosed. Plaintiffs contend that the evidence offered by Messrs. Fernando Estrada Linares, Lorenzo Martinez Castillo, Pablo Sanchez Olvera, and Raul Landaverde Torres should be excluded because these witnesses were not disclosed until after the close of the discovery period and after Plaintiffs' motion for summary judgment was filed.

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (c), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless. The discovery deadline in this case was extended to July 31, 2014, and the deadline for dispositive motions was extended to September 26, 2014 (Dkt. #92, #95). These witnesses were required to be disclosed by Defendants under Rule 26(a), and Defendants were under a continuing duty to supplement their disclosures. Mr. Lorenzo Martinez Castillo was disclosed to Plaintiffs as a witness in connection with the Joint Pretrial Report filed on April 25, 2014 (Dkt. #88). The remaining witnesses were not disclosed to Plaintiffs until October 28, 2014, when Defendants served their supplemental disclosures (Dkt. #135 at 5), after both the close of discovery and the expiration of the dispositive motion deadline.

In determining whether a failure to disclose witnesses is harmless, the Court should consider (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing the prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Defendants' only explanation for the failure to timely disclose these witnesses was that they were unaware that these witnesses had not been disclosed. While the evidence may be important to Defendants, the potential prejudice to

Plaintiffs is high resulting from the disclosure of several witnesses approximately one month before trial, and after the close of discovery. Finally, a continuance is not available to cure the prejudice in this case, as this litigation has already been continued once and has been assigned a special trial setting. For these reasons, the Court finds the affidavits of Fernando Estrada Linares, Pablo Sanchez Olvera, and Raul Landaverde Torres will be stricken from the summary judgment record and will not be considered in connection with the summary judgment motion. The Court will permit the affidavit of Lorenzo Martinez Castillo to remain as he was disclosed as a potential witness in April of 2014, and prior to the close of the discovery deadline.

Accordingly, the Court finds that Plaintiffs' motion to strike is granted in part and denied in part.

## CONCLUSION

Based on the foregoing, the Court finds that Defendants' Motion to Strike Plaintiffs' Summary Judgment Evidence (Dkt. #114) is **DENIED**, and Plaintiffs' Motion to Strike Evidence in Support of Defendants' Response to Motion for Partial Summary Judgment (Dkt. #134) is **GRANTED IN PART** and **DENIED IN PART**. The affidavits of Fernando Estrada Linares, Pablo Sanchez Olvera, and Raul Landaverde Torres will be stricken from Defendants' response to Plaintiffs' motion for summary judgment (Dkt. #113, Exs. B, E, and G).

**IT IS SO ORDERED.**
**SIGNED this 21st day of November, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE