# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ALFRED GUERRERO MENDOZA and <br> HERMELINDO GUERRERO ESTRADA, <br> on behalf of themselves and others similarly <br> situated <br> <br> v. <br> <br> A&A LANDSCAPE AND IRRIGATION, LP <br> and DAVID ANDERTON | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> <br> CASE NO. 4:12-CV-562 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment (Dkt. #109). After considering the motion, the responses, and the relevant pleadings, the Court finds the motion is granted in part and denied in part.

## BACKGROUND

Defendant A&A Landscape and Irrigation, L.P. ("A&A") is a full service landscaping and irrigation company, which is owned by David Anderton ("Mr. Anderton"). Defendants employ at least fifty (50), and perhaps as many as one hundred (100), employees to perform manual labor as landscape laborers.

Plaintiffs contend that they are paid on an hourly basis, record their hours on time sheets,[1] and Defendants then use these sheets to calculate the number of hours that Plaintiffs work each week. Plaintiffs assert that, at the relevant time periods, the time sheets were scanned into the computer by Blanca Ruiz ("Ms. Ruiz"), who was responsible for totaling daily hours on the time sheets. After Ms. Ruiz finished calculating the hours reported on the time sheets, Ms. Ruiz then deleted the time sheets from her computer at the instruction of Mr. Anderton. Defendants'

---

[1] Defendants refer to these sheets as day sheets, and contend that these sheets are recorded primarily for insurance purposes. The Court acknowledges the terminology used by both parties and will refer to these sheets as time sheets in this motion.

1

regular practice is to pay Plaintiffs for the first forty (40) hours worked each week by check. This amount is calculated by multiplying Plaintiffs' regular rate of pay by forty (40) hours per work week. Defendants then pay Plaintiffs an amount of additional compensation in cash. Plaintiffs allege that this amount appears to be paid "off the books," and does not reflect time and a half the regular rate of pay.

Defendants contend that they used the time sheets to determine the hours worked by A&A's employees. Defendants argue that the time sheets are completed by the supervisors, and include travel time to and from various job sites. Defendants assert that these time sheets "are not, without additional review and analysis, accurate records of the hours worked" (Dkt. #113 at 2). Defendants also argue that Ms. Ruiz was not responsible for calculating the actual hours worked by A&A's employees. Defendants assert that their regular practice was to issue bi-weekly checks to employees for eighty (80) hours at each employee's regular hourly rate, even during pay periods when employees had worked fewer than forty (40) hours per week. Defendants argue that it was their practice during this time to pay employees overtime for hours worked over forty (40) in each work week in cash, and that these payments were one and one half times the hourly rate for all hours in excess of forty (40) per work week.

On September 24, 2014, Plaintiffs filed their motion for partial summary judgment on the issue of liability under the Fair Labor Standards Act ("FLSA") (Dkt. #109). On October 21, 2014, Defendants filed their response (Dkt. #113). On November 4, 2014, Plaintiffs filed their reply (Dkt. #133). On November 11, 2014, Defendants filed their sur-reply (Dkt. #146).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment

is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**ANALYSIS**

The FLSA mandates that "no employer shall employ any of his employees… for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 441 (2005).

To prevail on their claim for unpaid overtime, Plaintiffs must first show by a preponderance of the evidence: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due.[2]" *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citing *Harvill*, 433 F.3d at 441)). "An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that [he] has performed work for which [he] alleges [he] was not compensated." *Harvill*, 433 F.3d at 441 (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)).

> An employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson*, 328 U.S. at 687-88. The evidence of hours worked need not be perfectly accurate as long as it provides a sufficient basis to calculate the number of hours worked. *Marshall v.*

---

[2] Since Plaintiffs have moved for summary judgment on the issue of liability only, the amount of overtime compensation due is not at issue in this motion.

*Mammas Fried Chicken, Inc.*, 590 F.2d 598, 599 (5th Cir. 1979). "If the employer's records are 'proper and accurate,' the employee may rely on these records; if the employer's records are 'inaccurate or inadequate,' the employee may produce 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Rosales v. Lore*, 149 F. App'x 245, 246 (5th Cir. 2005) (internal citation omitted).

"Once the employee establishes a prima facie case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Johnson*, 758 F.3d at 630 (citing *Harvill*, 433 F.3d at 441). If the employer claims that the employee is exempt from the overtime requirement, the burden rests with the employer to prove that the employee falls within the exempted category. *Id.* (citing *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)).

The Court finds that there are several disputed issues of fact pertaining to the amount of hours worked by Plaintiffs. Plaintiffs contend that the Court does not need to look further than the time sheets produced by Defendants to determine that Plaintiffs regularly worked more than forty hours per week. However, Defendants' evidence indicates that without further information, the time sheets are not an accurate depiction of the hours actually worked by Plaintiffs. Further, Defendants' evidence indicates that it was Defendants' practice to pay overtime in cash payments made to individual Plaintiffs. Thus, the Court finds that there is a fact issue regarding whether Plaintiffs were compensated in accordance with the provisions of the FLSA.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiffs' Motion for Partial Summary Judgment (Dkt. #109) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 21st day of November, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE